Aron Stutter, J. P.
On May 9,1958, defendant Grace Murphy bought a secondhand Cadillac car from Tempo Auto Sales, Inc., under a retail installment contract. .She paid $1,200 down, leaving a balance of $3,200. To this were added an official fee of $1 and insurance premiums of $448.83. A credit service charge of $876.01 was also added, making a total of $4,524.84, which was payable in 36 equal monthly installments. Three days later plaintiff purchased the contract.
Mrs. Murphy defaulted on the first and second installments and the car was repossessed. The buyer then sought to regain the car upon tender of the past-due installments. This was refused because Mrs. Murphy, in addition to being in default, had made misrepresentations in her application for the contract. The matter was adjusted by Mrs. Murphy producing her mother, the defendant Webb, who guaranteed the contract. The following November there was again a default. Plaintiff declared the full amount due, the balance then being $3,795.56. Plaintiff also sought an attorney’s fee of 15%, suit being for $4,364.88. At this time neither Mrs. Murphy nor the car could lie found. • During the pending of this motion for summary judgment, the car was discovered, repossessed and sold. The proceeds were credited, leaving a balance in suit of $1,992.23.
That plaintiff is entitled to judgment is beyond dispute. The sole question is as to the amount. Although several factors may conceivably enter into this question, only two are presented on this appeal. The first concerns the amount of the credit service charge, and the second the right to attorney’s fees.
The amount that may be charged on an installment purchase contract of an automobile is fixed by the Motor Vehicle Retail Instalment Sales Act (Personal Property Law, § 301 et seq.). There is no dispute but that the automobile in this case comes under Class 2 as defined in the act and that the service charge for such a ear is 10% of the unpaid balance per annum. The plaintiff contends that this means 10% of the original unpaid balance multiplied by the number of years or a fraction of a year that the contract was to run. The court found that the provision means that 10% of the unpaid balance after each installment became due.
*611 The pertinent statutory provisions are;
Section 303 (subd. 1, par. [a]); “ The credit service charge * * * shall be computed on an amount equal to the total of the difference between the cash sale price of the motor vehicle and the amount of the buyer’s down payment ”.
Subdivision 2 of section 303: ‘ ‘ The credit service charge at the rates specified in subdivision one shall be computed on the amounts on which they are respectively required to be computed as specified in subdivision one on contracts payable in successive monthly instalments substantially equal in amount extending for á period of one year. On contracts providing for instalments extending for a period less than or greater than one year, the credit service "charge shall be computed proportionally.”
It is the last-quoted séntencé which occasioned the difficulty below. We believe the correct'interpretation to be as the plaintiff contends. If the contract calls for installments payable in exactly one year, the statute warrants calculating the service charge on the basis of the unpaid balance at the time of purchase without regard to the reduction in the amount owing due to payment of subsequent installments. It is unlikely that the Legislature, in the language used, intended anything different in the ease of contracts for more or less than a year. The direction to compute proportionally means that the rate shall be proportionate to the rate allowed for a year as the period of the contract bears to one year.
In addition to the argument supplied by the probability that the Legislature did not intend any distinction between contracts for one year and those of greater or less duration, there are others. One of the purposes of the statute indicated throughout is that the buyer should be completely advised as to what he is obligating himself to pay. The installments must be clearly stated. The contracts are made out by vendors of automobiles, not by bankers or finance companies. If the charge were to be calculated on the basis of the unpaid principal as reduced by each installment, on a three-year contract, more than 36 separate calculations would have to be made. The interpretation given below would be appropriate if the credit service charge were in reality interest. But while it is composed partly of interest, the excess’of the' charge over legal rates indicates that not only interest but a charge for the service and ■ risk involved in installment buying is intended. The scheme of the statute is that this shall be equally distributed over the total period of the contract. If the balance due after payment of each installment is to be the basis, fairness would require that the installments be different and be based on the amount then out *612 standing. The provision that the charge can be made only if the installments' are equal indicates, therefore, an intent contrary to the interpretation below.
The plaintiff’s position is further supported by the interpretation given by the Banking Department of the State.
The court below fixed as a date for the calculation of the accelerated amount due, that on which default occurred. As no objection to this finding was made for the purposes of this action, it will be assumed to be correct.
The court disallowed attorney’s fees. The statute provides in subdivision 2 of section 307 that a willful violation shall bar recovery of collection charges. It should be noted that the violation referred to is in the charge specified in the contract. It does not refer to the amount demanded in the complaint. Xo violation in the contract was shown. Attorney’s fees are therefore allowable. The amount found, 15% of the sum found to be due, appears to be proper. Interest at the legal rate of 6% from the date of maturity of the claim to the date of judgment is also proper.
The automobile having been repossessed subsequent to suit, the amount realized on the sale should be deducted from the amount otherwise found to be due.
The judgment and order should be accordingly modified and remanded to the City Court for the calculation of the amount of the judgment in accordance with the above directions, and as modified affirmed, with costs."
Hofstadter and Aurelio, JJ., concur.
Judgment and order modified, etc.